John LEAKE, on behalf of himself and all other persons similarly situated, Plaintiffs,

v.

ELLICOTT REDEVELOPMENT PHASE II, Henry Van Landingham, Individually and in his capacity as manager of Towne Gardens Phase II Apartments and their agents, subordinates and employees, Defendants.

CIV–79–322.

United States District Court, W. D. New York.

May 4, 1979.

James A. Kreuzer, Neighborhood Legal Services, Inc., Buffalo, N.Y., for plaintiff.

William A. Sims, Buffalo, N.Y., for defendants.

## MEMORANDUM

ELFVIN, District Judge.

In my Order of May 3, 1979, I preliminarily enjoined defendants from "prosecuting the summary eviction action now pending in Buffalo City Court which is captioned TOWNE GARDENS, LTD. v. JOHN LEAKE, Index No. 62600." The following constitutes my Memorandum regarding said Order.

Plaintiff seeks a preliminary injunction under Fed.R.Civ.P. rule 65 enjoining defendants from evicting him and others similarly situated from a federally subsidized housing project designed for low and moderate income tenants. Inasmuch as plaintiff has not yet moved for class certification of the instant action, the discussion which follows and the relief ordered in my May 3rd Order is limited to him alone. Plaintiff asserts that his pending eviction is violative of Department of Housing and Urban Development ("HUD") regulations set forth at 24 C.F.R. § 450.1–7.

Oral argument was held April 26, 1979. Thereafter defendants agreed to delay any further eviction proceedings until May 4th or thereafter. The following facts alleged in plaintiff's verified complaint and exhibits thereto are not disputed by defendants. Plaintiff is a tenant of Towne House Gardens Phase II Apartments, a federally subsidized project within the meaning of 24 C.F.R. § 450.2(e). Among the provisions in plaintiff's rental agreement are a covenant that the tenant "pay the rent herein stated promptly when due" (¶ 9) and a provision permitting the landlord "at his election or option, to re-enter and take possession of the dwelling unit" if a tenant should fail to pay rent when due or fail to comply with any other provisions of the rental agreement (¶ 16).[1] By letter of February 27, 1979, defendant Van Landingham provided a thirty-day termination notice of the rental agreement. As grounds therefor, Van Landingham cited substantial violations of the rental agreement—to wit, 12 late payments of rent, 3 late payments of rent in less than the full amount and 2 failures to pay any rent. Subsequently, defendants commenced summary eviction proceedings in the City Court of Buffalo (N.Y.) and a hearing was scheduled for April 25th.

A preliminary injunction may not be granted unless the moving party demonstrates "possible irreparable injury *and* either (1) probable success on the merits *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting preliminary relief." *Caulfield v. Board of Education,* 583 F.2d 605, 610 (2d Cir. 1978).

---

1. The full text of paragraph 16 states:

"TENANT further agrees that if he should fail to pay the rent herein stipulated promptly when due, or should fail to comply with any and all other provisions of this Lease, then it shall be lawful for the LANDLORD, at his election or option, to re-enter and take possession of the dwelling unit, the TENANT hereby expressly waiving any and all notices to vacate said dwelling unit, and thereupon this Lease shall terminate, without prejudice, however, of the right of the LANDLORD to recover from the TENANT all rent due up to the time of such re-entry."

During oral argument, plaintiff asserted that the instant rental agreement does not contain provisions implementing subpart A of subchapter J of HUD's regulations (24 C.F.R. § 450.1–7), which set forth the requisite procedure and grounds for evicting tenants from federally subsidized projects.[2] In particular, plaintiff argues that defendants' failure to incorporate section 450.3 (which permits a landlord to evict such tenant for non-payment of rent) renders the pending eviction violative of plaintiff's due process rights in that plaintiff did not have notice that such non-payment constituted grounds for eviction. My examination of paragraph 16 of the rental agreement shows that while such provision does not conform in all respects with the criteria set forth in section 450.3, plaintiff was put on sufficient notice that he could be evicted for failure to pay rent. Inasmuch as plaintiff has not been prejudiced by defendants' failure to incorporate said section into the rental agreement, I find that plaintiff's due process rights have not been violated by such failure. In addition, I find unpersuasive an argument advanced by plaintiff that defendants are estopped from evicting him by reason of their past practice of accepting late rental payments. Paragraph 17 of the lease which assesses a penalty charge of $5.00 for late payments, clearly gives defendants the option of accepting such payments and does not estop them from evicting a tenant for his failure to make subsequent rental payments when due.

However, plaintiff further contends in his verified complaint that he was not given proper notice of termination as required by 24 C.F.R. § 450.4. Plaintiff argues that the notice he received did not contain information required by section 450.4(a) and was not served in the manner prescribed by section 450.4(b).

Section 450.3 provides in part that "[n]o termination shall be valid unless it is in accordance with the provisions of § 450.4." The pertinent portion of § 450.4 states:

"(a) *Requisites of termination notice.*

"The landlord's determination to terminate the tenancy shall be in writing and shall * * * (2) state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense; (3) advise the tenant that if a judicial proceeding for eviction is instituted the tenant may present a defense; and (4) be served on the tenant in the manner prescribed by paragraph (b) of this section.

"(b) *Manner of service.* The notice provided for in paragraph (a) of this section shall be accomplished by (1) sending a letter by first class mail, properly stamped and addressed, to the tenant at his address at the project, with a proper return address, and (2) by serving a copy of said notice on any adult person answering the door at the leased dwelling unit, or if no adult responds, by placing said notice under or through the door. Service shall not be deemed effective until both notices provided for herein have been accomplished. * * * *"

My review of the notice of termination shows it to be insufficient in one or more regards. First, the notice does not advise plaintiff that if a judicial proceeding for eviction is instituted he may present a defense. Such statement is required by section 450.4(a)(3). Second, while the notice appears to state with sufficient specificity the reasons for defendants' action as required by section 450.4(a)(2), section 450.4(e) indicates that such notice should also state the dollar amount of the balance due on the rent. Third, the notice was apparently served by mailing it to plaintiff without in addition serving a copy on an adult person at the leased premises or placing such notice under the door, as required by section 450.4(b). Thus, I find that the notice herein does not comport with HUD regulations set forth in section 450.4 and that termination pursuant to said notice would be invalid. Inasmuch as plaintiff has demonstrated the

2. 24 C.F.R. § 450.70 requires that "[e]very rental agreement entered into or renewed on or after the date on which this subpart is applicable to such tenant shall contain appropriate provisions implementing this subpart."

possibility of irreparable injury and probable success on the merits, defendants must be enjoined from prosecuting the summary eviction proceedings pending in the City Court which seek to evict plaintiff pursuant to the invalid notice of termination.